598 F.2d 417
 W. P. L. SERVICES, INC., Plaintiff-Appellant,
Fireman's Fund Insurance Company, Plaintiff,
v.
BISSO TOWBOAT COMPANY, INC., in personam and M/V ALMA S, her
engines, tackle, etc., in rem, Defendants-Appellees.
 No. 78-2818
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 July 6, 1979.
 T. C. W. Ellis, John Michael Kops, New Orleans, La., for plaintiff-appellant.
 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John J. Broders, New Orleans, La., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an action by the owner and insurer of the M/V JERRI WATSON to recover damages from the owner of the M/V ALMA S for the sinking of the JERRI WATSON. The accident occurred while the JERRI WATSON was assisting the ALMA S, which had grounded while at mooring during the night. When the ALMA S broke free, the JERRI WATSON was pulled over and sank. Following a nonjury trial, the district court ruled orally from the bench and concluding the evidence showed that the ALMA S was not negligent and that the JERRI WATSON was, dismissed the action. We affirm.
 
 
 2
 The facts of this case do not support plaintiffs' contention that the law of salvage applies. To sustain a claim under the law of salvage three requisites must be met: marine peril, service voluntarily rendered where no duty to do so existed, and success in whole or in part in saving the vessel or a contribution to that success. See West Coast Shipping, Etc. v. Ferry " Chuchequero," 582 F.2d 959, 960 (5th Cir. 1978); Legnos v. M/V Olga Jacob,498 F.2d 666, 669 (5th Cir. 1974).
 
 
 3
 The district court did not err in detecting no marine peril in this case. The ALMA S had run aground on previous occasions under similar circumstances, and could have broken free without assistance. Such groundings were considered insignificant events and the assistance being rendered by the JERRI WATSON was routine courtesy of one vessel to another.
 
 
 4
 Although Plaintiffs argue the district court erred in finding the crew of the JERRI WATSON negligent, a decision either way on this issue will not control this appeal. The district court found the ALMA S not negligent, and this is the controlling fact on this review. The finding is protected under the clearly erroneous rule. See Harrison v. Flota Mercante Grandcolombiana, S. A., 577 F.2d 968 (5th Cir. 1978); Solomon v. Warren, 540 F.2d 777, 784 (5th Cir. 1976), Cert. dismissed, 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977); Grigsby v. Coastal Marine Service of Texas, Inc., 412 F.2d 1011, 1020 (5th Cir. 1969). In order to prevail, of course, the plaintiff has the burden of proving some negligence on the part of the ALMA S. The record supports the district court's finding that the plaintiff failed to prove that the ALMA S was negligent. The United States Coast Guard investigation record indicated:
 
 
 5
 The proximate cause of the casualty was that while the M/V JERRI WATSON was attempting to pull the M/V ALMA S off ground, the ALMA S suddenly broke free drifting behind the M/V JERRI WATSON. The sudden movement and the abrupt change in the aspect of the two vessels resulted in the ALMA S pulling the JERRI WATSON then flooded and sank.
 
 
 6
 The district court reasoned that the ALMA S, while moving backwards, could not have anticipated that the JERRI WATSON would not have taken normally expected precautions of either casting off the line or turning the vessel to eliminate the possibility of the sinking. Review of the record shows the district court's findings are not clearly erroneous and cannot be disturbed by this Court.
 
 
 7
 The district court's conclusion that the ALMA S was not at fault answers plaintiffs' argument that the court should have applied the doctrine of comparative fault announced in United States v. Reliable Transfer Co., Inc., 421 U.S. 397, 411, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975). See also Matter of S/S Helena, 529 F.2d 744, 754 (5th Cir. 1976).
 
 
 8
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I